township, to compel him to refund money collected from Miles. Andrew Latting obtained judgment against Miles before Thomas James, a justice of the peace of Oden township, which was taken to the Chicot circuit court by certiorari; and pending the writ of certiorari, the justice issued execution, delivered it to Smith to execute, which he did do, so far as to make the costs; and this is the money prayed to be refunded, and judgment was rendered for the purpose. It is not shown that Smith, the officer, had any knowledge of the existence of the certiorari; and under this state of case, Smith's counsel contend that he is not liable at all, but, if so, not by motion; and this we hold is a correct position. If the subject-matter is within the jurisdiction of the magistrate, and the execution is regular on its face, the constable cannot be liable as a trespasser. 1 Chit. Pl. 210; Wise v. Withers, 3 Cranch [7 U. S.] 331; 8 Johns. 45. This case falls within that rule, as far as we can judge from the record.

If Smith had knowledge of the certiorari, and acted maliciously, he might be liable to an action on the case for such malicious conduct. In speaking of the action of trespass, it is said, that "no person who acts upon a regular writ or warrant can be liable in this action, however malicious his conduct; but case for the malicious motive, and want of probable cause for the proceeding, is the only sustainable form of action." 1 Chit. Pl. 214; 1 Strange, 509; 2 Term R. 653; 6 Term R. 245; Willes, 32. There is no pretence that Smith acted with a malicious intention, and therefore could not be liable in case (1 Chit. Pl. 152); and we have seen is not liable in trespass. Can it, then, be seriously contended, that if not liable in any form of action, he could be held responsible on motion? Supposing Smith, however, to have acted maliciously, it is a question of fact to be tried by a jury, and not by motion, the latter remedy being founded on the record alone, except in a few cases under the statute, and provided for by statute, to prevent the delay and costs of a regular suit, and which does not usually admit of a trial of disputed facts. Judgment reversed.

---

## Case No. 13,080.

### SMITH v. MILLER.

[5 Mason, 191.][1]

Circuit Court, D. Rhode Island. Nov., 1828.

REAL PROPERTY—WATER ON LAND—FISH—LEASE.

A lease for 500 years of certain land covered with a pond of water conveys, as incident, the water and the fish therein.

[Cited in Turner v. Hebron, 61 Conn. 187, 22 Atl. 952; Sterling v. Jackson, 69 Mich. 534, 37 N. W. 868.]

Trespass [by Stephen H. Smith against William Miller] for entering the plaintiff's close,

[1] [Reported by William P. Mason, Esq.]

partly covered with water, and taking fish from his pond. Plea, the general issue. At the trial, the principal question was, whether the plaintiff had any property in the fish. The title of the plaintiff was under a lease for 500 years of a certain factory lot, and dam lot, in &c., "together with all the land which may be flowed by raising said dam seven feet high from the bed or bottom of the river."

Mr. Searle, for plaintiff.
Mr. Bridgham, for defendant.

THE COURT said: The lease having conveyed all the land under the pond, it passed the pond of water and the fish therein to the plaintiff, as incidents to the principal grant.

---

SMITH (MILLER v.). See Cases Nos. 9,589 and 9,590.

SMITH (MILLS v.). See Case No. 9,615.

---

## Case No. 13,081.

### SMITH v. MILN.

[Abb. Adm. 373.][1]

District Court, S. D. New York. Dec., 1848.

GARNISHMENT—DEFAULT—SUMMONS—PRACTICE IN ADMIRALTY.

1. Where a warrant of arrest, although containing a foreign attachment clause, gives no direction to bring the garnishee before the court, nor any citation to him to answer the libel, a default entered against him for non-appearance on the return of the process is irregular.

2. The primary purpose of the attachment is to effect the appearance of the defendant in the action, and not that of the garnishee.

3. The practice of courts of admiralty in respect to the process of foreign attachments defined.

[Cited in Atkins v. Fibre Disintegrating Co., 18 Wall. (85 U. S.) 306; The Alpena, 7 Fed. 363.]

4. In order to authorize proceedings in a suit prosecuted in a court of admiralty by foreign attachment, to be carried on against the garnishee personally, it is necessary that the warrant or process served upon him should contain a summons or notice, warning him of the claim in suit, and citing him to appear and answer.

This was a motion, made on behalf of a party against whom, as garnishee, proceedings in a suit were being prosecuted, to set aside the proceedings in relation to him, for irregularity.

Burr & Benedict, for the motion.
Alanson Nash, opposed.

BETTS, District Judge. The following facts are presented upon affidavits and the files of court, as the foundation of the motion and of the opposition to it:

A libel was filed in this court on the 2d

[1] [Reported by Abbott Brothers.]